UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | |
| ) | Criminal No. 24-cr-10334-NMG |
| ERICK PIMENTEL-CABRERA, RONALD, ) | |
| ODELYN TEJEDA, and CARLOS MANUEL ) | |
| RODRIGUEZ, ) | |
| Defendants ) | |

**PROTECTIVE ORDER REGARDING DISCOVERY CONTAINING UNDERCOVER OFFICER AND COOPERATING WITNESS INFORMATION**

The Court has read and considered the assented-to motion by the government for a Protective Order Regarding Discovery Containing Undercover Officer Information. FOR GOOD CAUSE SHOWN the Court hereby FINDS AND ORDERS as follows:

1. The government's discovery in this case relates to the defendants' indictment in *United States v. Erick Pimentel-Cabrera et al.*, 24-cr-10334-NMG.

2. Certain parts of the discovery in this case relate to undercover officers and cooperating witnesses and therefore the discovery contains identifying information. The dissemination or distribution of these materials could compromise the ability of the undercover officers and cooperating witnesses to participate effectively in future investigations in an undercover capacity, and it could expose them to potential safety risks.

3. The discovery related to the undercover officers and cooperating witnesses that the government will provide to defense counsel in the above-captioned case will be subject to this Protective Order, as follows:

   a. For purposes of the Protective Order, the term "confidential materials" includes any information relating to the undercover officers; and cooperating witnesses' prior history of

undercover work with law enforcement, the undercover officers' and cooperating witnesses' recorded statements, whether written or oral, or any other information that could be used to identify the undercover officers and cooperating witnesses, such as a name, address, date of birth, Social Security number, driver's license number, telephone number, account number, or personal identification number. The term "Protected Information" refers to any document or information containing confidential materials that the government produces to the defense pursuant to the Protective Order, and that is clearly marked by the government with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER."

b.      For purposes of the Protective Order, the term "defense team" refers to (1) defendants' counsel of record, (2) other attorneys at defense counsel's law firm who may be consulted regarding case strategy in the above-captioned matter, (3) defense investigators who are assisting defense counsel with this case, (4) retained experts or potential experts, and (5) paralegals, legal assistants, and other support staff to defendants' counsel of record providing assistance on this case -- all of whom have been advised of their obligations under the Protective Order and have affirmed to the defendant's counsel of record that they agree to be bound by the terms of the Protective Order. The term "defense team" does not include the defendants, their family members, or any other associates of the defendants.

c.      Defendants' counsel of record agrees to advise all members of the defense teams of their obligations under the Protective Order and ensure their agreement to follow the Protective Order, prior to providing members of the defense teams with access to any Protected Information.

d.  The government is authorized to provide defendants' counsel of record with Protected Information marked with the following legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." If a defendant objects to any such designation, he may do so by application to the Court upon duly noticed motion, following meeting and conferring with the government regarding the objection.

e.  The defendants may review Protected Information in this case only in the presence of their counsel of record, and their counsel of record shall ensure that their respective defendant is never left alone with any Protected Information. The defendants may see and review Protected Information in the presence of their counsel of record or other member of the defense teams, but the defendants may not copy, keep, maintain, or otherwise possess any of such Protected Information in this case without authorization from the Court. The defendants must return any Protected Information to their counsel of record at the conclusion of any meeting at which the defendants were permitted to view the Protected Information. The defendants may not take any Protected Information out of the room in which they meet with a member of the defense team. At the conclusion of any meeting with a defendant, a member of the defense team shall take with them all Protected Information. At no time, under no circumstance, will any Protected Information be left in the possession, custody, or control of a defendant, whether incarcerated or not, without leave of Court.

f.  The defense teams shall not permit anyone other than the defense teams to have possession of Protected Information, including the defendants.

g.  The defense teams shall access and use Protected Information solely in connection with this case, *e.g.*, in preparation for trial or other proceedings in the case.

The defense teams may review Protected Information with a witness or potential witness in this case, including the defendants, subject to the requirement above that a member of the defense team must be present if Protected Information is being shown to a defendant. No witness or potential witness may retain Protected Information, or any copy thereof, after his or her review of those materials with the defense teams is complete.

h.      The defense teams shall maintain Protected Information safely and securely and shall exercise reasonable care in ensuring the confidentiality of Protected Information by: (1) not permitting anyone other than defense team members and defendants as restricted above to see Protected Information; (2) not disclosing to anyone the contents of Protected Information; and (3) not permitting Protected Information to be outside the defense teams' offices, homes, vehicles, or personal presence.

i.      To the extent that notes are made that memorialize, in whole or in part, the confidential material in any Protected Information, or to the extent that copies are made for authorized use by members of the defense teams, such notes, copies, or reproductions shall be Protected Information subject to the Protective Order and must be handled in accordance with the terms of the Protective Order.

j.      The defense teams shall use Protected Information and materials otherwise identified as containing confidential materials only for the litigation of this matter and for no other purpose.  Litigation of this matter includes any appeals filed by the defendants and any motions filed by the defendants pursuant to 28 U.S.C. § 2255.  In the event that a party needs to file Protected Information or materials otherwise identified as containing confidential material with the Court or disclose the contents of such materials in court filings, the filings shall be made under seal, unless leave of Court is obtained to file them

5

publicly. If the Court rejects the request to file such information under seal, the party seeking to file such information shall provide advance written notice to the other parties to afford such other parties an opportunity to object or otherwise respond to the Court's decision. If the other parties do not object to the proposed filing, the party seeking to file such information shall redact the confidential material and make all reasonable attempts to limit the disclosure of confidential material.

k.  The defendants and the defense teams also agree that any confidential material produced in the government's discovery prior to the date of the Protective Order shall be deemed covered by the terms of the Protective Order, provided such materials have been clearly marked with the legend: "CONTENTS SUBJECT TO PROTECTIVE ORDER." Notwithstanding anything in this Protective Order to the contrary, unless a document produced in discovery is clearly marked with the legend "CONTENTS SUBJECT TO PROTECTIVE ORDER," it shall not be considered Protected Information, confidential, or otherwise subject to this Protective Order.

l.  Upon the final disposition of this case, to include the disposition of post-conviction motions and any motions filed by the defendant pursuant to 28 U.S.C. § 2255, any Protected Information and material otherwise identified as containing confidential information shall not be used, in any way, in any other matter, absent a court order. All materials designated subject to the Protective Order maintained in the defense teams' files shall remain subject to the Protective Order unless and until such order is modified by court order. Within thirty days of the conclusion of all appellate and post-conviction proceedings, the defense teams shall return Protected Information and material otherwise identified as containing confidential material to the government, certify that all such

material has been destroyed, or certify that the materials will be securely preserved in such a way as to ensure the confidentiality of those materials until they may be destroyed. Absent further order of this Court, the terms of this Protective Order shall continue to be in effect and binding following the termination of this case, and violation of the Protective Order shall remain subject to sanction.

m.      In the event that there is a substitution of counsel prior to the date when confidential material subject to this Protective Order must be returned, destroyed, or certified as being securely preserved, new defense counsel shall be required to agree in writing to abide by the terms of this Protective Order before any Protected Information or material otherwise identified as containing confidential material may be transferred from the current defense counsel to the new defense counsel.

SO ORDERED.

11/18/24
DATED

HONORABLE DONALD L. CABELL
CHIEF U.S. MAGISTRATE JUDGE

7